# Order

**Michigan Supreme Court**
**Lansing, Michigan**

June 5, 2020

Bridget M. McCormack,
Chief Justice

158866 (71)

David F. Viviano,
Chief Justice Pro Tem

Stephen J. Markman
Brian K. Zahra
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
          Plaintiff-Appellee,

v

NADEEM YOUSAF RAJPUT,
          Defendant-Appellant.

SC: 158866
COA: 339117
Wayne CC: 16-008073-FC

_____/

By order of March 23, 2020, the prosecuting attorney was directed to answer the motion for reconsideration of this Court's January 24, 2020 opinion. On order of the Court, the answer having been received, the motion is again considered, and it is GRANTED. In light of the prosecutor's concession on reconsideration, the next to last paragraph of the Court's opinion is amended to read as follows:

> We reverse the Court of Appeals' holdings that defendant was not entitled to his requested self-defense instruction and that Carr's testimony was irrelevant. We remand this case to the Court of Appeals to address whether the trial court's erroneous denial of defendant's requested self-defense instruction was harmless beyond a reasonable doubt. See *People v Anderson (After Remand)*, 446 Mich 392 (1994); *People v Carines*, 460 Mich 750 (1999). The Court of Appeals shall also address whether Carr's investigative-subpoena testimony was admissible under MRE 804(b)(1) and whether Clay's statement to the victim was admissible either as an excited utterance under MRE 803(2) or because it was not hearsay under MRE 801(c). If the panel concludes that the evidence was admissible, it shall consider whether exclusion of Carr's testimony was harmless or whether it is more probable than not that the error was outcome-determinative. *People v Lukity*, 460 Mich 484, 495-496 (1999).



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

June 5, 2020



Clerk

t0603